Kevin Cooper
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Movant Gary Pierce*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160

*Counsel for Lead Plaintiff Movant Gary Pierce*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENISE LABELLE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTURE FINTECH GROUP INC., SHANCHUN HUANG, JING CHEN, and MING YI,<br><br>Defendants. | Case No. 2:24-cv-00247-JXN-JSA<br><br>**GARY PIERCE'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant Gary Pierce ("Pierce") respectfully submits this memorandum of law in opposition to the two other competing motions for appointment as lead plaintiff and approval of counsel (Dkt. Nos. 6, 7).

## I.    INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 5-7. The motions were filed by Pierce (Dkt. No. 5); Jeff Dyck ("Dyck") (Dkt. No. 6); and Scott Present ("Present") (Dkt. No. 7). However, on April 1, 2024, Dyke filed a notice informing the Court that he does not oppose the competing motions on the basis that he "does not appear to have the largest financial interest in this litigation." Dkt. No. 8. As such, only Pierce and Present remain.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

While Present appears to have the largest financial interest in the relief sought by the class as measured by his estimated loss of $42,803 (Dkt. No. 7-5), he has failed to provide enough information about himself to allow the other movants and the Court to determine whether Present

would be an adequate class representative. Specifically, it appears that Present was involved in a legal dispute with the Florida Board of Bar Examiners over his admission to practice law in that State. And it appears that Present is not admitted to the Florida Bar. If Present was denied admission, the reason for denial may be relevant to the determination of whether Present would be an adequate class representative. However, Present has not provided that information. Present should be required to provide this information to demonstrate his adequacy. If Present declines, he should be disqualified from consideration for appointment as lead plaintiff.

Pierce has the next largest financial interest in this action as measured by his estimated loss of $10,927.70 (Dkt. No. 5-5). As such, if Present is disqualified, Pierce becomes the presumptively most adequate plaintiff. Since the presumption has not been rebutted, Pierce should be appointed as lead plaintiff, and his selection of counsel should be approved.[1]

## II.   ARGUMENT

### A.   The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*,

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

264 F.3d 201, 262 (3d Cir. 2001) ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status.").[2]

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the court should identify the movant with the next largest financial interest, assess whether that movant satisfies the threshold typicality and adequacy requirements, and determine whether the presumption has been rebutted, until a lead plaintiff is selected. *See Cendant*, 264 F.3d at 268.

### B.   Present Has Failed to Establish His Adequacy to Represent the Class Because He Failed to Disclose His Issues with the Florida Bar

A lead plaintiff "serves as a fiduciary for the entire class." *Cendant*, 404 F.3d at 198. As such class members' interests are "dependent upon his diligence, wisdom and integrity." *Villare v. ABIOMED, Inc.*, No. 19-cv-7319, 2020 WL 3497285, at *6 (S.D.N.Y. June 29, 2020). In light of this, "honesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class." *Id.* As such, "convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative." *Xianglin Shi v. Sina Corp.*, No. 05-cv-2154, 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005).

Here, it appears Present was denied admission to the Florida Bar, and he does not disclose why. A search for Scott Present on the Florida Bar website (available at https://www.floridabar.org/directories/find-mbr/) yields no results. Moreover, there are records

---

[2] All internal citations, quotation marks, and brackets are omitted throughout this memorandum unless otherwise noted.

online evidencing a dispute in the Supreme Court of Florida between a "Scott Present" and the Florida Board of Bar Examiners. The case number is SC12-1381. However, performing a search for that case number on the Florida Supreme Court Online Docket (available at https://onlinedocketssc.flcourts.org/) yields the result: "Case Number SC12-1381 is not available online based on statute, court rule, or court order." Despite this, one order from the case is available through the Florida Supreme Court website granting Present's petition to force the Florida Board of Bar Examiners "to provide applicants with documentation, such as an invoice or statement from the court reporting service, when directing applicants to pay for hearing transcripts pursuant to Rule 3-22.6 of the Rules of the Supreme Court Relating to Admissions to the Bar."[3] Notably, Rule 3-22.6 is a subsection under Rule 3-22 which covers "investigative hearings." It is possible that Present was denied admission based on ethical misconduct. Without this information, however, the Court cannot properly evaluate whether Present is adequate to represent the class. Present has therefore failed to establish that he is adequate under Rule 23.

Present's potential adequacy issues are particularly worrying here since he failed to disclose and address the issue in his opening motion. *See Sneed v. AcelRx Pharms., Inc.*, No. 21-cv-04353, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) (rejecting a lead plaintiff movant for the additional reason that he "did not disclose the [26-year-old] offenses in his own motion"). While Present declares that he has a "law degree (J.D.) from Cleveland State University" (Dkt. No. 7-6 ¶ 3) to bolster his claim that he would be an adequate representative, he does not mention his dispute with the Florida Board of Bar Examiners and his possible denial of admission. Since Present did not address these adequacy issues with the Florida Bar in his initial motion, any

---

[3] Available at https://supremecourt.flcourts.gov/content/download/371059/file/12-1381_ada.pdf. (last visited April 1, 2024)

4

presumption that Present is the most adequate plaintiff is rebutted, and he should be disqualified from consideration for appointment as lead plaintiff.[4]

### C.    Pierce Should Be Appointed as Lead Plaintiff Because He Is the Presumptively Most Adequate Plaintiff and the Presumption Has Not Been Rebutted

Pierce has the next largest financial interest and satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Pierce filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 5. Second, Pierce satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 5-1. Finally, of the remaining movants, Pierce has the largest financial interest in the relief sought by the class. As such, Pierce is the presumptively most adequate plaintiff.

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has presented proof that Pierce would be inadequate or subject to unique defenses. Moreover, Pierce is not aware of any possible basis for such a contention. As such, Pierce should be appointed as lead plaintiff and his selection of counsel should be approved, and no other movant is entitled to consideration.

---

[4] Because Present has not been forthcoming about his dispute with the Florida Bar, the extent of his adequacy issues are unclear. As such, if the Court determines that further investigation may yield disqualifying information, Pierce respectfully request that the Court grant him the opportunity to conduct discovery into Present's Florida Bar issues. *See Andrade v. Am. Apparel, Inc.*, No. 10-cv-06352, 2011 WL 13131110, at *3-*4 (C.D. Cal. Jan. 21, 2011) (granting a lead movant's request for discovery into a competing movant's "misconduct and tax underreporting"); 15 U.S.C. § 78u-4(a)(3)(B)(iv) (discovery of competing movants permitted if movant "demonstrates a reasonable basis" for a finding that the presumptively most adequate plaintiff is inadequate).

5

### III.   CONCLUSION

For the foregoing reasons, Pierce respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Pierce as lead plaintiff; (2) approving Pierce's selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as liaison counsel for the class; (3) denying the competing motions; and (4) granting such other relief as the Court may deem just and proper.

DATED: April 1, 2024

Respectfully submitted,

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By:   *s/ Kevin Cooper*
Kevin Cooper
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: kcooper@carellabyrne.com
          decklund@carellabyrne.com

*Liaison Counsel for Lead Plaintiff Movant Gary Pierce*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Gary Pierce*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz

6

1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

7

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 1, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of New Jersey, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2024, at Roseland, New Jersey.

*/s/ Kevin Cooper*
Kevin Cooper

8