Joseph T. Lukens (#048991992)
Email: jlukens@faruqilaw.com
**FARUQI & FARUQI, LLP**
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771

[additional counsel listed in signature block]

*Attorneys for Proposed Lead Plaintiff Scott Present*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE LABELLE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTURE FINTECH GROUP INC., SHANCHUN HUANG, JING CHEN, and MING YI,<br><br>Defendants. | No. 2:24-cv-00247-JXN-JSA<br><br>**SCOTT PRESENT'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Motion Date: April 15, 2024 |

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................1

ARGUMENT ...........................................................................................................3

I.    PRESENT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ...........................................................................................................3

    A.    Present Has The Largest Financial Interest In The Relief Sought By The Class........................................................................................3

    B.    Present Satisfies Rule 23......................................................................5

II.    PRESENT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED.......................................................7

III.    THE COMPETING MOTION SHOULD BE DENIED ..............................9

IV.    CONCLUSION...........................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                        **Page(s)**

*Baughman v. Pall Cor.*,
  250 F.R.D. 121 (E.D.N.Y. 2008) ........................................................................4

*Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008).........................................................................7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002).............................................................................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...........................................................................5, 6

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008).........................................................................4

*In re GE Sec. Litig.*,
  No. 09 Civ.1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009).............4, 6

*Georgine v. Amchem Prods., Inc.*,
  83 F.3d 610 (3d Cir. 1996)..............................................................................6

*Kokkinis v. Aegean Marine Petroleum Network Inc.*,
  No. 11 Civ. 0917(BSJ)(JCF),
  2011 WL 2078010 (S.D.N.Y. May 19, 2011)................................................6-7

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ...........................................................................4

*In re Nice Sys. Sec. Litig.*,
  188 F.R.D. 206 (D.N.J. 1999) ...........................................................................4

*In re Party City Sec. Litig.*,
  189 F.R.D. 91 (D.N.J. 1999) .........................................................................4, 6

*Sklar v. Amarin Corp. PLC*,
  No. 13-cv-06663 (FLW)(TJB),
  2014 WL 3748248 (D.N.J. July 29, 2014) .....................................................5-6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015)..................................................................4

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
  No. 07-177 (FLW), 2007 WL 2683636 (D.N.J. Sept. 7, 2007) ...........................6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................2, 5, 7

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ...................................................................................6

Anne Cullen,
  *More Judges Are Demanding Diversity Among Class Counsel*,
  Law360 (July 16, 2020) ..................................................................................8

Ralph Chapoco,
  *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
  Bloomberg Law (July 30, 2020) ..................................................................8-9

## MEMORANDUM OF LAW

Scott Present ("Present") respectfully submits this memorandum of law in opposition to competing lead plaintiff motions and in further support of his motion for an Order: (1) appointing Present as Lead Plaintiff in the above-captioned action; (2) approving Present's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

## INTRODUCTION

On March 18, 2024, three motions by shareholders of Future FinTech Group Inc. ("Future FinTech" or the "Company") were timely filed with this Court to be appointed lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 5 at 1 (Gary Pierce ("Pierce")); ECF No. 6 at 1-2 (Jeff Dyck ("Dyck")); and ECF No. 7 at 1 (Present).

Under Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a **presumption in favor** of appointment as Lead Plaintiff the movant who demonstrates the "largest financial interest in the litigation" and who

---

[1]    All terms not otherwise defined herein shall have the same meaning as those terms in the Memorandum of Law in Support of Scott Present's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Opening Brief"). ECF No. 7-1. All references to "Ex. __" are exhibits to the Declaration of Joseph T. Lukens in Support of Scott Present's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel. ECF No. 7-2. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the class interest or will be subjected to "unique defenses that render that plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

With losses of $42,803.57, Present clearly possesses the largest financial interest in the Action compared to the other movants. The movant with the next largest loss, Pierce, reported losses of only $10,927.70 (less than 26% of the losses of Present)). *See* Opening Brief, ECF No. 7-1 and supporting documents at Ex. B (Present's PSLRA Certification) (ECF No. 7-4), Ex. C (Present's Loss Chart) (ECF No. 7-5), and Ex. D (Declaration of Scott Present in Support of his Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Present's Decl.") (ECF No. 7-6)). This Court should therefore adopt the presumption provided by the PSLRA that Present is the most adequate Lead Plaintiff and appoint him Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  On April 1, 2024, movant Jeff Dyck, who had reported losses of $6,681.20 filed a notice of non-opposition to the competing motions for lead plaintiff acknowledging that he does

2

not have the largest financial interests in the case for purposes of the competing lead plaintiff motions. ECF No. 8.

For the reasons summarized above and explained further below, Present respectfully asks this Court to grant his Motion to be appointed Lead Plaintiff and approve his selection of the Faruqi Firm to act as Lead Counsel.

## ARGUMENT

**I.    PRESENT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

As described in his Opening Brief, Present has met all of the PSLRA requirements to be appointed Lead Plaintiff in this case.

Present timely filed a motion to be appointed lead plaintiff. *See* Opening Brief 7-8. Further, as demonstrated in his opening motion papers, Present has the largest financial interest in the outcome of the case and otherwise satisfies Rule 23. *Id*. at 8-9

**A.    Present Has The Largest Financial Interest In The Relief Sought By The Class**

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by

3

the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See also In re Party City Sec. Litig.*, 189 F.R.D. 91, 105 (D.N.J. 1999); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *Baughman v. Pall Cor.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008); *In re GE Sec. Litig.*, No. 09 Civ.1951(DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

As illustrated in the table below, Present is indisputably the movant with the largest financial loss:

| Movant(s) | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Scott Present** | 9,479 | 9,479 | $44,803.85 | -$42,803.57 |
| **Gary Pierce** | 1,600 | 1,600 | $12,615.70 | -$10,927.70 |
| **Jeff Dyck**[2] | 1,392 | 1,392 | $8,149.76 | -$6,681.00 |

---

[2]    As mentioned above, Dyck filed a notice of non-opposition to the competing

As shown above, Present has the largest financial loss among the movants. Present also expended the most funds in connection with purchases of Future FinTech securities and purchased and retained the largest number of shares.

Given that Present asserts the largest financial losses among the movants by a substantial margin, Present is entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

### B.    Present Satisfies Rule 23

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

Present's claims are clearly typical of the Class's claims. Present acquired Future FinTech securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Present's claims are similar to those of the Class's claims, he necessarily satisfies the typicality requirements. *See Sklar v. Amarin Corp. PLC*, No. 13-cv-06663

---

motions for lead plaintiff acknowledging that he does not have the largest financial interests in the case for purposes of the competing lead plaintiff motions.

(FLW)(TJB), 2014 WL 3748248, at *6 (D.N.J. July 29, 2014) (citing *Cendant*, 264 F.3d at 263). "Rule 23(a)(3) does not require the claims of the Proposed Lead Plaintiffs be identical to those of the class." *Party City*, 189 F.R.D. at 107.

Present will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. 07-177 (FLW), 2007 WL 2683636, at *5 (D.N.J. Sept. 7, 2007) (the "interests of the named plaintiffs [are] sufficiently aligned with those of the absentees . . . . [and] class counsel [is] qualified and [will] serve the interests of the entire class'") (quoting *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996)); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in Present's certification, *see* Ex. B (ECF No. 7-4), Present's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Vonage*, 2007 WL 2683636, at *6 (movant's certification evidenced adequacy to serve as lead plaintiff); *Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010,

6

at *2 (S.D.N.Y. May 19, 2011) (same); *see also Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (same). Contemporaneously with the filing of the instant motion, Present submitted a Declaration with additional information about himself, his work and educational backgrounds, and experience investing, clearly demonstrating his adequacy to represent class members. Ex. D ¶¶ 3-4 (ECF No. 7-6).  Present has been investing in the stock market for approximately 5 years.  *Id.* at ¶ 5.

## II.    PRESENT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

Present has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned[3] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Opening Brief 12-16; Ex. E, Faruqi Firm resume (ECF No. 20-7).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class); *Johnson v. Luminar*

---

[3]    *See* Ex. F (ECF No. 7-8).

*Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Kain v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Murphy v. Argo Blockchain plc*, No. 1:23-cv-00572-NRM-SJB (E.D.N.Y.) (appointed sole lead counsel for the class); *In re Lumen Techs., Inc. Sec. Litig.*, No. 3:23-CV-00286-TAD-KDM (W.D. La.) (appointed co-lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.) (appointed sole lead counsel for the class); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); and *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[4]  Class

---

[4]     *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to*

members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

## III.    THE COMPETING MOTION SHOULD BE DENIED

As of this filing, the only remaining competing motion is from Pierce. Pierce has reported a significantly smaller financial interests in the outcome of this litigation than Present, as set forth in the chart above and therefore does not meet this requirement under the PSLRA to be appointed lead plaintiff. Section I.A, *supra*. Therefore, under the PSLRA, Present's motion for lead plaintiff should be granted. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

---

*Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

## IV.   CONCLUSION

Accordingly, Present respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of the Faruqi Firm as Lead Counsel.

Dated:  April 1, 2024

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:      */s/ Joseph T. Lukens*
Joseph T. Lukens (#048991992)
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: jlukens@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice forthcoming*)
Robert W. Killorin (*pro hac vice forthcoming*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Scott Present and [Proposed] Lead Counsel for the putative Class*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2024, I caused true and correct copies

of the foregoing to be served on all counsel of record via CM/ECF.


Dated: April 1, 2024                              By:    */s/ Joseph T. Lukens*
                                                  Joseph T. Lukens (#048991992)

11