Joseph T. Lukens (#048991992)
Email: jlukens@faruqilaw.com
**FARUQI & FARUQI, LLP**
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771

[additional counsel listed in signature block]

*Attorneys for Proposed Lead Plaintiff Scott Present*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE LABELLE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTURE FINTECH GROUP INC., SHANCHUN HUANG, JING CHEN, and MING YI,<br><br>Defendants. | No. 2:24-cv-00247-JXN-JSA<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SCOTT PRESENT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Motion Date: April 15, 2024 |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................1

ARGUMENT ...................................................................................................3

I.      THE PRESUMPTION IN FAVOR OF PRESENT HAS NOT BEEN
        REBUTTED ...........................................................................................3

        A.      Present Has the Largest Financial Interest in the Relief Sought
                by the Class ..................................................................................4

        B.      Present Satisfies the Relevant Requirements Under Rule 23 for
                Lead Plaintiff ...............................................................................5

CONCLUSION ...............................................................................................8

i

**TABLE OF AUTHORITIES**

**Cases**                                                                                                **Page(s)**

*Armour v. Network Assocs., Inc.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................................5

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ................................................................................6

*Chupa v. Armstrong Flooring, Inc.*,
   No. 2:19-CV-09840-CAS,
   2020 U.S. Dist. LEXIS 36506 (C.D. Cal. Mar. 2, 2020) ......................................7

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................6

*Cook v. Allergan PLC*,
   No. 18 Civ. 12089 (CM),
   2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ......................................................3

*Delgado v. New Albertson's, Inc.*,
   No. SACV 08-0806 DOC (MLGx),
   2010 WL 11507599 (C.D. Cal. Mar. 15, 2010) ....................................................7

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................5

*McCall v. Drive Fin. Servs., L.P.*,
   236 F.R.D. 246 (E.D. Pa. 2006) ..........................................................................7

*Nevarez v. Forty Niners Football Co.*,
   326 F.R.D. 562 (N.D. Cal. 2018) ........................................................................7

*In re NYSE Specialists Sec. Litig.*,
   240 F.R.D. 128 (S.D.N.Y. 2007) ........................................................................6

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
   63 F. Supp. 3d 394 (D. Del. 2014) ......................................................................5

*Sklar v. Amarin Corp. PLC*,
   No. 13-cv-06663 (FLW) (TJB),
   2014 WL 3748248 (D.N.J. July 29, 2014) ..........................................................4

ii

*Stemple v. QC Holdings, Inc.*,
  No. 12-cv-01997-BAS(WVG),
  2014 UWL 4409817 (S.D. Cal. Sep. 5, 2014)......................................................7

*Strougo v. Brantley Cap. Corp.*,
  243 F.R.D. 100 (S.D.N.Y. 2007) ........................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)..........................................................................4

**Statutes**

15 U.S.C. §78u-4(a)(3)(B) ..............................................................................3, 5, 8

**Other Authorities**

1 *Newberg and Rubenstein on Class Actions* § 3.68 (6th ed. 2023).........................6

Scott Present ("Present") respectfully submits this reply memorandum of law ("Reply") in further support of his motion to be appointed Lead Plaintiff and for the selection of his counsel Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel ("Present Motion" or "Motion") and in reply to the opposition filed by movant Gary Pierce ("Pierce").[1]

## PRELIMINARY STATEMENT

Of the two remaining movants, Present is the clear presumptive Lead Plaintiff under the requirements of the PSLRA. Present has demonstrated in his opening Motion (ECF Nos. 7 through 7-9) and his Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 10) ("Opposition") that he meets all the requirements to be appointed Lead Plaintiff under the PSLRA. Present's **undisputed** LIFO losses of $42,803.57 are nearly four times greater than the losses of Pierce. Present clearly and undisputably has the largest financial interest under the PSLRA to zealously litigate class claims in order to maximize the recovery for all class

---

[1] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; (3) all capitalized terms shall have the same meaning as in Memorandum of Law in Support of Scott Present's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 7-1) (the "Present MOL") and (4) all "Ex. _" references are to the exhibits attached to the Declaration of Joseph T. Lukens in Support of Scott Present's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 7-2).

1

members.

Present also meets the typicality and adequacy requirements of Rule 23. Present purchased shares of Future FinTech during the Class Period suffered damages due to Defendants' false and misleading statements and possesses claims under the federal securities laws like other class members. Pierce **does not dispute** Present's typicality under Rule 23.

Present also meets the adequacy requirement of Rule 23. Present timely filed his motion for Lead Plaintiff with his PSLRA certification, submitted a separate declaration describing his relevant background and experience investing and commitment to diligently prosecuting class claims. Present also retained experienced counsel, Faruqi & Faruqi, LLP (the "Faruqi Firm").  Present has shown that he is more than adequate to serve as Lead Plaintiff in this case. Pierce **does not** dispute that Present submitted accurate background information that qualifies him to serve as Lead Plaintiff. Present, having shown that he has the largest financial interest and meets the typicality and adequacy factors, is the presumptive lead plaintiff under the PSLRA.

Despite Present's clear status as the presumptive Lead Plaintiff, Pierce nonetheless contests his appointment on a narrow basis. Pierce speculates that with respect to Present's admission to the Florida Bar over 12 years ago, if Present was denied admission, the reason for denial **may be** relevant to whether Present is

2

adequate to be Lead Plaintiff. Gary Pierce's Opp'n to the Competing Mots. For Appointment as Lead Pl. and Approval of Counsel ("Pierce Opp.") 2, ECF No. 9. Rank speculation is insufficient to rebut the presumption in favor of Present. The PSLRA requires that a competing movant present proof that a movant cannot fairly and adequately serve as Lead Plaintiff in order to rebut the presumption in his favor. 15 U.S.C. §78u-4(a)(3)(B)(iii). Pierce has offered no proof to rebut the presumption in favor of Present.[2]  Nevertheless, Present is willing to submit to the Court for *in camera* review, the 12-year-old confidential information he has in his possession regarding his application to the Florida Bar.

Present respectfully submits that he meets all the PSLRA's requirements to serve as Lead Plaintiff and should be appointed Lead Plaintiff and his counsel should be approved as Lead Counsel.

## ARGUMENT

**I.    THE PRESUMPTION IN FAVOR OF PRESENT HAS NOT BEEN REBUTTED**

As discussed below, Present should be appointed Lead Plaintiff because all

---

[2]    Strained arguments by runner ups in the lead plaintiff process are not uncommon. *See, e.g., Cook v. Allergan PLC*, No. 18 Civ. 12089 (CM), 2019 WL 1510894, at *2 n.1 (S.D.N.Y. Mar. 21, 2019) (Referring to competing movants proffering long-resolved charge that had nothing to do with serving as a fiduciary or investing in the stock market, the Court stated "[n]either of these things has the slightest relevance to the court's lead plaintiff analysis, **except insofar as they demonstrate the depths to which lawyers will descend in an effort to become lead counsel in a PSLRA case**.").

of the PSLRA's procedural hurdles have been satisfied and the presumption in favor of Present has not been rebutted.

### A.      Present Has the Largest Financial Interest in the Relief Sought by the Class

The movants argued that they should be appointed Lead Plaintiff on the grounds that each movant had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23.

There is no dispute that Present clearly possesses a significantly larger financial interest in the Action compared to Pierce:

| Movant(s) | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| Scott Present | 9,479 | 9,479 | $44,803.85 | -$42,803.57 |
| Gary Pierce | 1,600 | 1,600 | $12,615.70 | -$10,927.70 |

In addition to having suffered a significantly larger loss than Pierce, Present also expended the most funds in connection with the purchases of Future FinTech securities and purchased and retained the largest number of shares. *Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW) (TJB), 2014 WL 3748248, at *6 n.3 (D.N.J. July 29, 2014); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

### B.  Present Satisfies the Relevant Requirements Under Rule 23 for Lead Plaintiff

Unable to challenge Present's financial losses, and making no argument against his typicality, Pierce instead attempts to attack Present's adequacy under Rule 23.

The PSLRA provides that the movant with the largest financial interest will only be defeated upon "proof" of inadequacy or atypicality. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The statutory reference to "proof" excludes challenges based on speculation. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) ("[S]tatus as . . . adequate lead plaintiff 'may be rebutted only upon proof by a member of the purported plaintiff class' that [the presumptive lead plaintiff] will not fairly and adequate represent the class or protect its interests. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)."); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (finding speculative assertions about a movant's adequacy insufficient to rebut lead plaintiff presumption).

Pierce offered no proof at all to rebut the presumption in favor of Present's appointment as Lead Plaintiff. Instead, he speculates that a 12-year-old Florida Bar application may be relevant to whether Present is adequate to be Lead Plaintiff. Pierce Opp. 2. *See, e.g., OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402, 407 (D. Del. 2014) (the PSLRA requires opposing movants to provide "actual proof" to rebut the lead plaintiff presumption, not mere assertions)

(citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 269 (3d Cir. 2001)); *Strougo v. Brantley Cap. Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration . . . ."); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptive lead plaintiff] would be uniquely subject.").

Moreover, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 *Newberg and Rubenstein on Class Actions* § 3.68 (6th ed. 2023) (collecting cases). "[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation . . . ." *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007). Present has never been convicted of a crime involving unsavory, unethical or dishonest conduct. However, by way of comparison, even if he had, when dealing with a movant's past criminal conduct, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples

6

of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *3 (C.D. Cal. Mar. 2, 2020); *Nevarez v. Forty Niners Football Co.*, 326 F.R.D. 562, 583 (N.D. Cal. 2018) (finding that convictions for assaults with deadly weapons and DUI convictions that were more than 20 years old did not render class representative inadequate); *Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC (MLGx), 2010 WL 11507599, at *4, *8 (C.D. Cal. Mar. 15, 2010) (certifying a class with a representative who had prior felony convictions); *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2014 UWL 4409817, at *9 (S.D. Cal. Sep. 5, 2014) (finding class representative adequate despite 14-year-old conviction for sex with a minor); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 251 (E.D. Pa. 2006) (plaintiff's past felony criminal conviction was "irrelevant" to plaintiff's "ability to represent the class vigorously and responsibly").

Present is confident that there is no information in the 12-year-old Florida Bar proceedings which would disqualify him from being appointed Lead Plaintiff in this case. Nevertheless, upon order of the Court, Present will submit to the Court for *in camera* review, the 12-year-old confidential information he has in his

7

possession regarding his application to the Florida Bar.[3]

## CONCLUSION

For the foregoing reasons, Present respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  April 8, 2024

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:      */s/ Joseph T. Lukens*
Joseph T. Lukens (#048991992)
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: jlukens@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice forthcoming*)
Robert W. Killorin (*pro hac vice forthcoming*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017

---

[3]   The records in Present's possession regarding the Florda Bar proceedings are confidential under the Florida Board of Bar Examiners Rules. While Pierce has failed to "first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class", a prerequisite to obtaining discovery regarding a movant for lead plaintiff under the PSLRA (15 U.S.C. §78u-4(a)(3)(B)(iv)), Present agrees to produce information in his possession to the Court for *in camera* review if the Court deems such a production necessary.

Ph: (212) 983-9330
Fx: (212) 983-9331
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Scott Present and [Proposed] Lead Counsel*
*for the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2024, I caused true and correct copies

of the foregoing to be served on all counsel of record via CM/ECF.


Dated: April 8, 2024                              By:    */s/ Joseph T. Lukens*
                                                  Joseph T. Lukens (#048991992)

10