Joseph T. Lukens (#048991992)
Email: jlukens@faruqilaw.com
**FARUQI & FARUQI, LLP**
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771

[additional counsel listed in signature block]

*Attorneys for Proposed Lead Plaintiff Scott Present*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE LABELLE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTURE FINTECH GROUP INC., SHANCHUN HUANG, JING CHEN, and MING YI,<br><br>Defendants. | No. 2:24-cv-00247-JXN-JSA<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SCOTT PRESENT'S MOTION TO SEAL: (i) GARY PIERCE'S OPPOSITION TO SCOTT PRESENT'S MOITONS TO SEAL AND (ii) REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SCOTT PRESENT'S MOTION TO SEAL AND STRIKE EVIDENCE**<br><br><u>CLASS ACTION</u><br><br>Motion Date: July 15, 2024 |

**TABLE OF CONTENTS**

ARGUMENT ....................................................................................................................1

CONCLUSION ................................................................................................................4

i

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Armour v. Network Assocs., Inc.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) .............................................................2

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .............................................................................3

*Chupa v. Armstrong Flooring, Inc.*,
   No. 2:19-CV-09840-CAS,
   2020 WL 1032420 (C.D. Cal. Mar. 2, 2020).....................................................4

*Constance Sczesny Tr. v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ......................................................................3

*Delgado v. New Albertson's, Inc.*,
   No. SACV 08-0806 DOC (MLGx),
   2010 WL 11507599 (C.D. Cal. Mar. 15, 2010)................................................4

*Jacobs v. United States*,
   No. 15-3661(RMB),
   2016 WL 4046824 (D.N.J. July 25, 2016) ........................................................2

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ......................................................................2

*McCall v. Drive Fin. Servs., L.P.*,
   236 F.R.D. 246 (E.D. Pa. 2006)........................................................................4

*Nevarez v. Forty Niners Football Co.*,
   326 F.R.D. 562 (N.D. Cal. 2018).......................................................................4

*In re NYSE Specialists Sec. Litig.*,
   240 F.R.D. 128 (S.D.N.Y. 2007) ......................................................................3

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
   63 F. Supp. 3d 394 (D. Del. 2014).....................................................................3

*Stemple v. QC Holdings, Inc.*,
   No. 12-cv-01997-BAS(WVG),
   2014 WL 4409817 (S.D. Cal. Sep. 5, 2014).......................................................4

*Strougo v. Brantley Cap. Corp.*,
    243 F.R.D. 100 (S.D.N.Y. 2007) ..............................................................................3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..............................................................................2

**Other Authorities**

Local Rule 5.3(a)(3) ..............................................................................1, 2

Explanatary Notes to Local Rule 5.3 ..........................................................................2

1 *Newberg and Rubenstein on Class Actions* § 3.68 (6th ed. 2023)..........................3

Lead Plaintiff Movant Scott Present ("Present") respectfully submits this reply memorandum of law in further support of his Motion to Seal: (i) Gary Pierce's Opposition to Scott Present's Motions to Seal and (ii) Reply Memorandum of Law in Further Support of Scott Present's Motion to Seal and to Strike Evidence ("Motion," ECF No. 18) and in response to lead plaintiff movant Gary Pierce's ("Pierce") letter to the Court dated July 1, 2024 ("July 1 Letter"). ECF No. 20.

## ARGUMENT

As discussed in his motion papers, Present has followed all necessary requirements for moving for and clearly meets the standards to obtain the relief he seeks in his Motion.  ECF Nos. 13, 14, 17, 18.  Pierce has opposed Present's Motion with supposed procedural deficiencies that do not apply and unsupported conjecture and speculation going to the merits of Present's Lead Plaintiff Motion which clearly are insufficient to rebut the PSLRA presumption in favor of Present. He continues to rely on the same misguided arguments in his July 1 Letter, which should be rejected.

Pierce again relies on Local Rule 5.3 to argue that Present's Motion is procedurally deficient.  July 1 Letter 1-2.  Pierce's reliance on Local Rule 5.3 is misplaced and not a basis to deny Present's Motion.  As clearly set out by Present, Local Rule 5.3(a)(3) expressly excludes Rule 5.3's application to materials or

1

judicial proceedings that are already sealed pursuant to "other law".  The

Explanatory Notes to Local Rule 5.3 also explain this exception:

> Subparagraph (a)(3). The purpose of this subparagraph is to make clear that the rule is not intended to affect any "statute or other law" that mandates sealing of materials or judicial proceedings (for example, amended Section 205 (c)(3) of the E-Government Act of 2002, Pub. L. No. 107-347, and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.*).

*See also Jacobs v. United States*, No. 15-3661(RMB), 2016 WL 4046824, at *1

(D.N.J. July 25, 2016). ECF Nos. 13, 18.  Pierce does not even bother to address

Present's arguments or his case law in his July 1 Letter.  Pierce's argument of

supposed procedural flaws, which do not exist, should be rejected out of hand.

 Pierce also continues to speculate about possible personal information

concerning Present to oppose Present's Motion. July 1 Letter 2.  Pierce's reliance

on speculation regarding private personal matters from long ago have been rejected

by the courts and should be rejected here.

The PSLRA requires "proof" of inadequacy or atypicality in order to rebut

the presumption in favor of Present. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The

statutory reference to "proof" excludes challenges based on speculation.  *See In re*

*KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013); *Armour v.*

*Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001).

Pierce has relied on speculation and conjecture, not proof, to argue against

Present's Motion.  Courts, including the Third Circuit, have rejected this argument

because it fails to comply with the PSLRA statutory requirement of proof of inadequacy. *See, e.g., OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) (the PSLRA requires opposing movants to provide "actual proof" to rebut the lead plaintiff presumption, not mere assertions) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 269 (3d Cir. 2001)); *Strougo v. Brantley Cap. Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration . . . ."); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004).

Further, as briefed by Present, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 *Newberg and Rubenstein on Class Actions* § 3.68 (6th ed. 2023) (collecting cases); Reply Mem. of Law in Further Supp. of Scott Present's Mot. for Appointment as Lead Pl. and Approval of Lead Counsel, ECF No. 12 ("Present's LPM Reply"). "[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation . . . ." *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (internal quotation marks omitted). Present has never been convicted of a crime involving unsavory, unethical or dishonest conduct. In any event, even when faced with a movant's past criminal conduct, "[m]ost courts have rejected the contention that a

3

proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (internal quotation marks omitted); *Nevarez v. Forty Niners Football Co.*, 326 F.R.D. 562, 583 (N.D. Cal. 2018); *Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC (MLGx), 2010 WL 11507599, at *1, *4 (C.D. Cal. Mar. 15, 2010); *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2014 WL 4409817, at *9 (S.D. Cal. Sep. 5, 2014); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 250-51 (E.D. Pa. 2006); Present's LPM Reply 5-7.  Here too, Pierce failed to address Present's arguments or the case law cited in his July 1 Letter.  Pierce's opposition to Present's Motion is based on speculation that there is personal confidential information from many years ago that could possibly rebut the PSLRA presumption in favor of Present and should be rejected out of hand.

### CONCLUSION

For the foregoing reasons, Present respectfully requests that the Court grant his Motion.

Dated:  July 8, 2024                           Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:___*/s/ Joseph T. Lukens*___
Joseph T. Lukens (#048991992)
1617 JFK Blvd., Suite 1550
Philadelphia, PA 19103

4

Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: jlukens@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice pending*)
Robert W. Killorin (*pro hac vice forthcoming*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Scott Present and [Proposed] Lead Counsel for the putative Class*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2024, I caused true and correct copies

of the foregoing to be served on all counsel of record via CM/ECF.


Dated: July 8, 2024                              By:    */s/ Joseph T. Lukens*
                                                 Joseph T. Lukens (#048991992)

6