## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE LABELLE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUTURE FINTECH GROUP INC., SHANCHUN HUANG, JING CHEN and MING YI,<br><br>    Defendants. | No. 2:24-CV-00247-JXN-JSA<br><br>**AFFIDAVIT OF GLENDA FICHTNER**<br><br>RE:  Service Attempts on<br>      Shanchun Huang |

The affiant hereby states that:

1.    I am currently employed as a paralegal by Civil Action Group, Ltd., doing business as APS International, Ltd. ("APS"), in Minneapolis, Minnesota. APS is in the business of providing litigation support services to attorneys throughout the United States and Canada.  Among other services, APS offers assistance in obtaining service of process upon foreign entities.

2.    APS routinely receives and processes service requests in accordance with international treaty law for the service abroad of legal documents in civil cases, pursuant to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, TIAS #10072 (U.S. Treaties & other International Acts) and 20 UST 361 (U.S. Treaties & other

1

International Agreements), also referred to as the Hague Service Convention.

3.       On November 15, 2024, APS received from FARUQI & FARUQI LLP a request for service of process upon defendant SHANCHUN HUANG in London, England.  FARUQI & FARUQI LLP transmitted for service the summons and complaint in the above-captioned Action in English and Mandarin, and the certificate of translation in English and Mandarin.  The United States and the United Kingdom are both signatories to the Hague Service Convention.  Service of process in the United Kingdom can be effectuated pursuant to Article 5 or Article 10 of the Hague Service Convention.  Service under Article 5 is facilitated through their designated Central Authority office wherein the documents are served through the British court system. The general timeframe for completion of service through the Central Authority is approximately 4 months. One of the options for service under Article 10 is through private process server. The general timeframe for completion of service using a private process server is 6 – 9 weeks.

4.       Service of process upon defendant SHANCHUN HUANG was requested under Article 10 of the Hague Service Convention. Service was attempted under Article 10(c) which states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with - the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent

2

persons of the State of destination."   A private process server is a "competent person" within the meaning of the Hague Service Convention.

5.      The United Kingdom made the following declaration to the Hague Service Convention relating to service under Article 10(c):

> With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States.*
>
> *Extract from a letter dated 11 September 1980 addressed by the Foreign and Commonwealth Office to the Permanent Bureau: "(...)Thank you for your letter of 31 July in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention.
>
> I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom 'directly' through a competent person other than a judicial officer or official, e.g., a solicitor. (...)"

Notice "a solicitor" is listed as one example, but is not exclusive.  In our experience serving documents in the United Kingdom for over 3 decades, we have successfully used a process server in both England and in British territories to serve documents under Article 10(c); to our knowledge, none of those serves have been successfully challenged.

6.      The following actions were taken to attempt service of process upon defendant SHANCHUN HUANG in London, England:

3

a) On November 19, 2024, APS reviewed the documents transmitted by FARUQI & FARUQI LLP and completed the necessary paperwork for requesting service under Article 10 of the Hague Service Convention. We contacted our usual process server in England to confirm availability, and then electronically sent him the documents for service.

b) On November 22, 2024, upon arriving at the initial service address provided by FARUQI & FARUQI LLP of 87 Buckingham Palace Road, Nova Apartments, London SW1W 0AJ, England, the server spoke with the concierge who informed him that SHANCHUN HUANG no longer lived in the building and that new occupants had moved into his previous apartment at the beginning of November 2024. Attached as Exhibit A to this Affidavit is a true and correct copy of the Affidavit of Attempted Service, signed by the English process server and notarized in England on December 20, 2024.

c) On December 6, 2024, FARUQI & FARUQI LLP requested APS to make additional attempts to effectuate personal service on SHANCHUN HUANG. On December 11, 2024, upon arriving at the second service address provided by FARUQI & FARUQI LLP of Flat 40, Savoy House, 5 Lockgate Road, London SW5 2WH, England, the

4

server discovered that the apartment had been repossessed on August 15, 2024 and that there was a Notice of Peaceful Re-Entry addressed to SHANCHUN HUANG affixed to the door. The server spoke with the estate office which confirmed that the flat was empty and that SHANCHUN HUANG was no longer at the address.

d)    The Notice of Peaceful Re-Entry referenced above was addressed to SHANCHUN HUANG and gave an address of Flat 111 Coleherne Court, London SW5 2WH, England. On December 11, 2024, upon arriving at this Coleherne Court address, the server spoke with the housekeeper who said that she did not know SHANCHUN HUANG and was currently working for a Spanish man. The server also spoke with the concierge who said that a Chinese couple used to live in the flat but had left over a year ago and that a Spanish family lived there now. Attached as Exhibit B to this Affidavit is a true and correct copy of the Affidavit of Attempted Service, signed by the English process server and notarized in England on December 20, 2024.

As outlined above, service of process could not be made on defendant SHANCHUN HUANG.

5

Further affiant sayeth not.

Dated: January 10, 2025

Signed: _Glenda Fichtner_

Glenda Fichtner
Civil Action Group d/b/a/
APS International, Ltd.
7800 Glenroy Road
Minneapolis, MN 55439-3122, USA

Sworn before me this
10 day of January, 2025

by _____
Notary Public

KIMBERLY ANN BOLDENOW
NOTARY PUBLIC
MINNESOTA
My Commission Expires January 31, 2026

6